UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants. | 1:10-cv-00211-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 5.) |

**I.   BACKGROUND**

Gregory McClellan ("plaintiff") is a prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 10, 2010. (Doc. 1.) On February 18, 2010, plaintiff filed a motion for reconsideration of the court's order of February 12, 2010, which denied plaintiff's motion to proceed in forma pauperis and ordered him to pay the $350.00 filing fee for this action within thirty days. (Docs. 4, 5.) Plaintiff's motion for reconsideration is now before the court.

**II.   LEGAL STANDARDS**

　　**A.   <u>Motion For Reconsideration</u>**

Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en

1

banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

### B.  "Three Strikes" Provision- 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III.  PLAINTIFF'S MOTION

Plaintiff brings this motion for reconsideration of the court's order denying his motion to proceed in forma pauperis, arguing that he is not a "three strikes" litigant and he is under imminent danger of serious physical injury.

### A.  Plaintiff is Not a "Three Strikes" Litigant

Plaintiff argues that he is not a "three strikes" litigant under 28 U.S.C. § 1915 because one of the three cases cited by the court as "strikes" was not filed by plaintiff.[1] Plaintiff contends he never filed the case entitled McClellan v. Haviland, case number 1:07-cv-01607-OWW-SMS-PC, stating that he never filed an action against a defendant Haviland, does not know who Haviland is, and never was confined in an institution where Haviland was the custodian. Plaintiff states that in 2007, when the case was filed, he was only confined at Wasco State Prison ("WSP") and California Men's Colony-West ("CMC") and used CDC number T-89457.

///

---

[1] Plaintiff's "three strikes" cited by the court's order of February 12, 2010, include:
(1) 1:07-cv-01607-OWW-SMS-PC McClellan v. Haviland (Eastern District of California ("CAED"); dismissed October 19, 2009 for failure to state a claim);
(2) 1:08-cv-01326-YNP-PC McClellan v. Fink (CAED; dismissed April 1, 2009 for failure to state a claim); and
(3) 1:09-cv-00256-LJO-GSA-PC McClellan v. Mountain (CAED; dismissed March 5, 2009 for failure to state a claim). (Doc. 4 at 1 n.1.)

2

*Discussion*

The complaint for case 1:07-cv-01607-OWW-SMS-PC, McClellan v. Haviland, was filed on November 5, 2007, by plaintiff Gregory McClellan who listed his CDC number as T-89457 and his address as California Men's Colony-West, P.O. Box 8103, San Luis Obispo, California. (Court Record, Document 1 at 1, 8.) The first-named defendant in the case was J. Haviland (Chief Deputy Warden (A),WSP). Other named defendants included, among others, P. L. Vasquez (Warden, WSP), N. Grannis (Chief Inmate Appeals-WSP), and S. Stafford (WSP Principal). In the complaint, the plaintiff alleges that while he was incarcerated at WSP, defendants violated his constitutional rights when they denied him access to law books, rendering him unable to prepare for his parole revocation hearing.

Based on the court's record, it is clear that the plaintiff Gregory McClellan in case 1:07-cv-01607-OWW-SMS-PC is the same person as the plaintiff Gregory McClellan in the instant action. Both plaintiffs share the same CDC number T-89457 and were both incarcerated at WSP and CMC in 2007. Therefore, plaintiff has not presented facts proving he is not a "three strikes" litigant.

**B.    Plaintiff is Under "Imminent Danger"**

Plaintiff also argues that he should not be required to pay the filing fee for this action because he is under imminent danger of serious physical injury from catching contagious diseases such as HIV and the H1N1 virus from other inmates at Kern County Jail, where he is currently detained.

*Discussion*

There is no mention anywhere in plaintiff's complaint that he is under imminent danger of any physical injury. The complaint is based on plaintiff's allegations that he was arrested without probable cause by members of the Kern County Sheriff's Department and is being held in custody on false charges. Plaintiff names as defendants the Kern County Sheriff's Office, Sheriff Donny Youngblood, and Deputy Sheriffs William R. Hakker and William G. Smallwood. As relief, plaintiff requests compensatory damages for loss of familial association, loss of time and liberty, emotional stress, physical injuries from being slammed into the pavement, defamation, and loss of ability to support his minor daughter. Nowhere in the complaint does plaintiff allude to any physical harm happening to him or about to happen to him.

3

      Plaintiff now claims he is under imminent threat of harm at the Kern County Jail due to the risk of contracting HIV and the H1N1 virus from other inmates. This claim is not sufficiently related to plaintiff's claims of false arrest and illegal custody. Therefore, plaintiff has not presented facts proving he is under imminent danger of serious physical injury, pursuant to section 1915(g).

## IV.  CONCLUSION

      Based on the foregoing, the court finds that plaintiff has not shown any new or different facts or circumstances claimed to exist which did not exist or were not shown upon his prior motion for leave to proceed in forma pauperis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed February 18, 2010, is DENIED; and
2. Plaintiff is required to pay the $350.00 filing fee for the action in full, pursuant to the court's order of February 12, 2010, or this action will be dismissed.

      IT IS SO ORDERED.

Dated:   February 22, 2010          /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE